IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES L. WOOD )
)
v. ) NO. 3:14-0617
)
DAVID SEHORN, et al. )

TO: Todd J. Campbell, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 12, 2014 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending are the plaintiff's motions for a preliminary injunction and temporary restraining order (Docket Entry Nos. 3 and 6). Set out below is the Court's recommendation for disposition of the motions.

### I. BACKGROUND AND ANALYSIS

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Lois Deberry Special Needs Facility ("Deberry") in Nashville, Tennessee. He filed this action pro se and in forma pauperis on March 7, 2014, under 42 U.S.C. § 1983 against David Sehorn, Dr. Madubueze Nwozo, and Centurion, Inc., asserting that his Eighth Amendment right to

constitutionally adequate medical care has been violated. The plaintiff contends that he is a cancer survivor and that, in November 2013, his oncologist ordered that he have a CT scan three months later to determine whether or not the cancer was in remission. At the time the instant lawsuit was filed, the plaintiff alleged that the CT scan had not been scheduled and that the defendants had refused to speak with him about the CT scan and medical symptoms about which he was complaining. By the Order of referral, the Court directed that process issue to Defendants Sehorn and Nwozo but dismissed Centurion, Inc., from the action.

By his motions, the plaintiff seeks an order requiring the defendants and TDOC employees to provide him with a CT scan, to comply with all orders from his oncologist, and to treat him when he signs up for sick call. Although the plaintiff filed two motions, the motions are identical in all respects. Defendant Nwozo has responded to the motions by asserting that, as indicated by a declaration filed by the plaintiff on March 27, 2014 (Docket Entry No. 8), a CT scan was performed on March 7, 2014, and showed no indication that cancer was present in the plaintiff. See Docket Entry No. 14. The plaintiff has filed a reply. See Docket Entry No. 20.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the plaintiff's requests for preliminary injunctive relief, this Court must consider: (1) whether the plaintiff has shown a strong or substantial likelihood or

2

probability of success on the merits of the case; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012); Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000); Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 401 (6th Cir. 1997) Parker v. United States Dep't of Agric., 879 F.2d 1362, 1367 (6th Cir. 1989); Mason Cnty. Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying such relief. Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. Leary, 228 F.3d at 739.

The Court finds that the plaintiff has not satisfied the standard required for a preliminary injunction. To succeed on the merits of his case, the plaintiff will be required to show deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This is a substantial showing and neither negligence nor a mere disagreement over the wisdom or correctness of a medical judgment is sufficient to prove a deliberate indifference claim. See Sanderfer v. Nichols, 62 F.3d 151, 154–55 (6th Cir. 1995). This action is still in the initial stage of pre-trial activity without a developed record. At this stage of the proceedings, the

plaintiff's likelihood of success on his claims is no greater than that of the defendants. The plaintiff has simply not demonstrated that he has a strong or substantial likelihood of success on the merits.

The second factor also does not favor the plaintiff because he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The CT scan at issue has been performed and showed that cancer has not reoccurred. The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Although the Court is troubled by allegations of a lack of timely diagnostic care to a cancer patient, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day medical care operations in a correctional facility. Such reasons have not been shown by the plaintiff.

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a preliminary injunction. Overstreet v. Lexington–Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). The plaintiff has simply failed to meet his burden by the brief motion he has filed.

## R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motions for a preliminary injunction and temporary restraining order (Docket Entry Nos. 3 and 6) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made.

Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge