IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES L. WOOD            )
                         )
    v.                   )    NO. 3:14-0617
                         )
DAVID SEHORN, et al.     )

TO:   Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 12, 2014 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

Presently pending is the plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry No. 33), to which Defendant Sehorn has filed a response in opposition. See Docket Entry No. 40. Set out below is the Court's recommendation for disposition of the motions.

## I. BACKGROUND AND ANALYSIS

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the Lois Deberry Special Needs Facility ("Deberry") in Nashville, Tennessee. He filed this action pro se and in forma pauperis on March 7, 2014, under 42 U.S.C. § 1983 against David Sehorn,

Dr. Madubueze Nwozo, and Centurion, Inc., asserting that his Eighth Amendment right to constitutionally adequate medical care has been violated. The plaintiff contends that he is a cancer survivor and that, in November 2013, his oncologist ordered that he have a CT scan three months later to determine whether or not the cancer was in remission. At the time the instant lawsuit was filed, the plaintiff alleged that the CT scan had not been scheduled and that the defendants had refused to speak with him about the CT scan and medical symptoms about which he was complaining.

By the Order of referral, the Court directed that process issue to Defendants Sehorn and Nwozo but dismissed Centurion, Inc., from the action. Defendant Nwozo has filed a motion to dismiss (Docket Entry No. 13), which is currently pending and in which Defendant Sehorn has been granted permission to join. See Order entered June 3, 2014 (Docket Entry No. 31). The Plaintiff currently had a deadline of July 21, 2014, to respond to the motion to dismiss. See Order entered June 2, 2014 (Docket Entry No. 30).

By his motion, the plaintiff complains about recent difficulties he has encountered obtaining access to legal materials at Deberry and seeks an order requiring the TDOC and Deberry employees to "comply with [his] requests for legal/law materials so that he can litigate his federal cause of action." See Docket Entry No. 33, at 1-2.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and

sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972).

In determining whether to grant the plaintiff's request for preliminary injunctive relief, this Court must consider: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether the plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012); Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000); Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 401 (6th Cir. 1997); Parker v. United States Dep't of Agric., 879 F.2d 1362, 1367 (6th Cir. 1989); Mason Cnty. Med. Assocs. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying such relief. Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. Leary, 228 F.3d at 739.

The Court finds that the plaintiff has not satisfied the standard required for a preliminary injunction. At this stage of the proceedings, the plaintiff's likelihood of success on his claims is no greater than that of the defendants. The plaintiff has simply not demonstrated that he has a strong

3

or substantial likelihood of success on the merits. The second factor also does not favor the plaintiff because he has not shown that he will suffer irreparable harm if the injunctive relief requested is not granted. The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and the plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. Such reasons have not been shown by the plaintiff.

Although the law is well settled that a prisoner has a First Amendment right of access to the courts, Bounds v. Smith, 430 U.S. 817, 821–823, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. Bounds, 430 U.S. at 830–31. It is not enough for the plaintiff to merely assert that he was denied access to the courts or complain about the adequacy of access to an adequate law library or to some alternate form of legal assistance. Actual prejudice above and beyond the normal difficulties encountered by pro se and incarcerated litigants must be shown in order for constitutional concerns to be implicated. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996). In the instant case, the record clearly demonstrates that the plaintiff has been able to make multiple filings in the action and has been able to adequately prosecute his claims.

The moving party has the burden of proving that the circumstances "clearly demand" a TRO or a preliminary injunction. Overstreet v. Lexington–Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). The plaintiff has simply failed to meet his burden.

### R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion for a preliminary injunction and temporary restraining order (Docket Entry No. 33) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge