IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES L. WOOD )
)
v. ) NO. 3:14-0617
)
DAVID SEHORN, et al. )

**O R D E R**

Presently pending are the plaintiff's motion for an order of discovery (Docket Entry No. 34) and motion to compel (Docket Entry No. 37). Defendant Sehorn has filed a response (Docket Entry No. 39) in opposition to the motion to compel, to which the plaintiff has filed a reply (Docket Entry No. 47). Although it is somewhat unclear exactly what the plaintiff seeks by his motions, he appears to request an order from the Court either permitting him to serve discovery requests upon the Defendants or directing that discovery be issued to Defendant Nwozo. Both motions are based upon the plaintiff's apparent understanding that such an order is required by Rule 5(d)[1] of the Federal Rules of Civil Procedure and Rule 5.02[2] of the Local Rules of Court.

---

[1] Rule 5(d)(1) reads in part:

. . . disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

[2] Local Rule 5.02 reads:

Pursuant to the provisions of Rule 5(d) of the Federal Rules of Civil Procedure, depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall not be filed with the Clerk's office, except in support of or in opposition to a motion or by order of the Court.

The motions are DENIED. The plaintiff's understanding of Rule 5(d) and Local Rule 5.02 is mistaken. Both rules merely preclude the parties from filing discovery requests and responses unless filed in support or opposition to a motion or filed upon order of the Court. Accordingly, no order is required from the Court prior to the plaintiff serving timely discovery requests upon the Defendants, and the Clerk's Office properly returned to the plaintiff the copies of his discovery requests directed to Defendant Nwozo that were sent to the Court. See Docket Entry No. 46, at 6. Further, despite the plaintiff's requests for some type of order from the Court permitting discovery, he states that he has served his discovery requests upon Defendant Nwozo. See Docket Entry No. 47, at 2.

To the extent that what the plaintiff seeks is to file discovery responses in opposition to the pending dispositive motions, he is permitted to file these responses but should file them as exhibits in connection with his response and not as independent filings. To the extent that the plaintiff is actually seeking to compel discovery, he has not shown a basis for such a motion. On June 20, 2014, Defendant Nwozo filed a notice that he had served responses to the plaintiff's discovery requests, see Docket Entry No. 42, and Defendant Sehorn contends that no actual discovery requests directed at him have ever been served upon him. See Docket Entry No. 39.

The plaintiff's two motions to ascertain status (Docket Entry Nos. 35 and 46) are GRANTED. By this Order and contemporaneously entered Report and Recommendation, all motions that have been filed by the plaintiff have been addressed by the Court.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must

2

be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

					JULIET GRIFFIN
					United States Magistrate Judge